UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

U.S. BANK TRUST N.A., as
Trustee for LSF9 Master
Participation Trust,

    Plaintiff,

v.   Case No. 3:25cv1505-TKW-HTC

HARTSEL A. BUSH, and
DORTCH B. BUSH,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Defendant Dortch Bush, proceeding *pro se*, has filed a notice of removal seeking to remove a foreclosure action from state to federal court. Doc. 1. After reviewing the notice of removal and the state court proceedings, the undersigned concludes the Court does not have subject matter jurisdiction because there is a final judgment in the foreclosure action. Thus, this case should be REMANDED to state court.

**I.    Background**

In April 2018, Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), filed suit in state court to foreclose a mortgage on

real property owned by Bush in Santa Rosa County.[1]  *See* Santa Rosa County Case No. 2018 CA 298.  In August 2021, the state court entered an amended final judgment in favor of U.S. Bank for $236,002.63.

After the amended final judgment was entered, Bush claims that on February 11, 2023, she paid Fay Servicing $265,137.05, which covered the amount due on her loan "plus extra interest."  Fay Servicing sent Bush a letter advising her the loan was paid in full and, on February 23, 2023, U.S. Bank moved to vacate the judgment in state court and cancel the foreclosure sale, which the court granted.  However, on March 7, 2023, U.S. Bank moved to vacate the order vacating the judgment, asserting the funds it received were not valid and contained a fraudulent routing number.[2]  Later that day, the state court granted U.S. Bank's motion and reinstated the judgment.  U.S. Bank purchased the property at the foreclosure sale on September 6, 2023.  On September 2, 2025, Bush filed a notice of removal to try to remove the foreclosure action from state to federal court.

## II.   Discussion

"The Eleventh Circuit does not permit removal of a case in which a final judgment had been entered by the state court unless an appeal of the final judgment is pending, or the appeal period has not yet lapsed."  *U.S. Bank Trust Nat'l Assoc. v.*

---

[1] Bush's husband, Hartsel Bush, was also named as a defendant in the state court action but passed away in January 2025.  Doc. 1 at 6-7.

[2] U.S. Bank's motion indicated it purportedly received $623,455.78 to pay off Bush's loan.

*Coomans*, 2025 WL 1140548, at *1 (S.D. Fla. Apr. 4, 2025) (discussing the cases where the Eleventh Circuit permitted post-judgment removal). "[R]emoval is improper and ineffective to vest jurisdiction in the district court after a truly final state judgment." *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 628 (11th Cir. 2019). A judgment is "truly final" when "a party's opportunities for relief from the state court judgment are exhausted, either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment[.]" *Id.* (quoting *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198-99 n.8 (11th Cir. 1991)); *see also Oviedo v. Hallbauer*, 655 F.3d 419, 425 (11th Cir. 2011) ("The reason that we do not permit removal in this case is that no case remains pending in the state court to 'remove' once the case is final for purposes of direct review in the state court system.").

Here, the order reinstating the final judgment was issued on March 7, 2023. *See* Santa Rosa County Case No. 2018 CA 298, Doc. 277. Although Bush filed affidavits in March 2023 and a "notice of wrongful foreclosure" in September 2023 that denied the allegations in U.S. Bank's March 7 motion and complained the state court judge had denied her due process (*id.*, Docs. 281, 286, 310), she never appealed the judgment and the time for doing so has passed. *See* Fla. R. App. P. 9.110(b) (requiring notice of appeal to be filed within thirty days of rendition of the order to be reviewed). Thus, the judgment is "truly final," and Bush's notice of removal

cannot vest this Court with subject matter jurisdiction.[3] *See Aurora Loan Servs.*, 762 F. App'x at 628-29 (holding district court lacked subject matter jurisdiction over foreclosure action because, "insofar as [defendant] attempted to remove the foreclosure action and final judgment, there was no state-court action pending at the time to remove, inasmuch as nothing remained for the state courts to do but execute the judgment"); *Deutsche Bank Trust Co. Ams. v. Gillis*, 2019 WL 12496290, at *2 (M.D. Fla. Nov. 22, 2019) ("Gillis' petition for removal does nothing except stymy the execution of a valid, final judgment in state court for which he has already exhausted all potential remedies. As a result, Gillis' petition for removal was improper and the case must be remanded.").

Nevertheless, Bush argues the Civil Rights Act of 1866 allows her to remove the foreclosure action post-judgment because she cannot enforce her property rights in state court. Doc. 1 at 2, 8-10. This argument has no merit and has previously been rejected by this Court. *See U.S. Bank Nat'l Assoc. v. Galvin*, 2024 WL 4576738, at *2 (N.D. Fla. Sept. 26, 2024) (finding defendants' argument that "they removed this case under the Civil Rights Act of 1866, not the removal statutes in Title 28 of the United States Code" unpersuasive). As this Court stated in *Galvin*,

---

[3] After Bush filed the notice of removal on September 2, 2025, U.S. Bank filed a motion to enforce final judgment and for writ of possession on September 11, 2025. *See* Santa Rosa County Case No. 2018 CA 298, Doc. 320. The filing of this motion does not affect the Court's jurisdictional analysis. *See Coomans*, 2025 WL 1140548, at *1 (remanding foreclosure action to state court and noting plaintiff's pending motion for alias writ of possession "has no bearing on the finality of the Final Summary Judgment").

"the language in the Civil Rights Act of 1866 quoted in the notice of removal has since been codified in various sections of Title 28—including § 1343, which gives the district courts jurisdiction over civil rights actions, and § 1443, which authorizes the removal of civil actions against any person who is denied or cannot enforce a right under a civil rights law in state court[.]" *Id*.

Indeed, numerous courts have held defendants cannot remove a case like this to federal court by relying on the Civil Rights Act of 1866. *See id.* at *3 (remanding foreclosure action to state court because "[t]he federal statutes cited by Defendants in the notice of removal—the Civil Rights Act of 1866 and Public Law 88-243—have nothing to do with this case and do not give the Court jurisdiction over the case"); *Deutsche Bank Trust Co. Ams. v. Kozma*, 2024 WL 1880187, at *2 (M.D. Fla. Apr. 30, 2024) ("Although Defendant asserts the foreclosure sale violates the Civil Rights Act of 1866, there is no pending claim in the state court action under federal law. This Court may not exercise jurisdiction over this action."); *Pivo Corp., LLC v. Maglione*, 2019 WL 5491288, at *2 (N.D. Ga. July 16, 2019) (remanding dispossessory action to state court because "Defendants cannot manufacture federal subject matter jurisdiction through their defensive allegations that 'Plaintiff has violated certain rights provided by the United States Constitution and Civil Rights protected by Civil Rights Act of 1866, 14 Stat. 27'").

Furthermore, while Bush expressly denies she is removing this case pursuant to the provisions of Title 28, even if she had—and even if no judgment had been entered—remand would still be required because there is no jurisdiction under either §§ 1331 or 1443.

Under 28 U.S.C. § 1443, "the defendant in a civil or criminal state court action may remove the case to federal district court where the defendant 'is denied or cannot enforce' in state court 'a right under any law providing for … equal civil rights.'" *Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017) (quoting 28 U.S.C. § 1443(1)).  To remove a case under § 1443, a defendant must show: (1) "the removal is predicated upon a federal law 'providing for specific civil rights stated in terms of racial equality'"; and (2) she "has been denied or is unable to enforce that civil right in the state court." *Id.* (citation omitted).

Here, although Bush claims she was denied due process during the foreclosure action, she has not argued, and there is nothing in the record to indicate, she was deprived of any right in the underlying mortgage transaction or the state court proceedings based on her race. *See Cave v. Florida*, 814 F. App'x 555, 557 (11th Cir. 2020) (holding remand was proper because defendant "did not properly assert reliance on any specific civil right under federal law 'stated in terms of racial equality' – indeed, neither her Notice of Removal nor appeal mention her race or make any assertions of race-based discrimination"); *see also Wachovia Mortg. FSB*

*v. Brown*, 608 F. App'x 886, 887 (11th Cir. 2015) ("the Due Process Clause of the Fourteenth Amendment is 'phrased in terms of general application available to all citizens' and cannot form the basis of removal under § 1443") (citation omitted). Nor has she identified any state law which authorizes the denial of her civil rights. *See Thomason*, 687 F. App'x at 878 (stating "in the paradigmatic case, removal is proper [under § 1443] where a facially <u>discriminatory</u> state law authorizes the denial of the defendant's civil rights"). Thus, Bush cannot remove the foreclosure action under § 1443.

Likewise, while 28 U.S.C. § 1441 allows a defendant to remove a civil action based on federal question or diversity jurisdiction, Bush cannot establish either of those jurisdictional bases. Bush cannot invoke the Court's federal question jurisdiction because U.S. Bank's state court complaint does not present a federal question and "no federal statute grants federal jurisdiction over state foreclosure claims[.]" *Accredited Home Lenders, Inc. v. Santos*, 2010 WL 4612352, at *2 (M.D. Fla. Nov. 16, 2010) (finding defendant's assertion that his constitutional rights were being violated in the state court proceeding did not provide a basis for removal and remanding foreclosure action to state court for lack of subject matter jurisdiction); *see also Galvin*, 2024 WL 4576738, at *2 (noting a foreclosure action "arises under state contract law, not the Constitution or a federal statute, because the foreclosure complaint alleges that Defendants breached their contractual obligation to make

payments on the note that is secured by the mortgage on their property"). And Bush cannot invoke the Court's diversity jurisdiction because she is a Florida resident. *See* 28 U.S.C. § 1441(b)(2) (stating a defendant cannot remove a civil action based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

Based on the foregoing, Bush's bid to remove the foreclosure action to federal court, after unsuccessfully fighting it in state court, is frivolous and this case must be remanded.

Accordingly, it is RECOMMENDED:

1. That Santa Rosa County Case No. 2018 CA 298 be REMANDED to the state court from which it was removed.

2. That the clerk close the file.

At Pensacola, Florida, this 15th day of September, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:25cv1505-TKW-HTC